IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:17cr82 (JCC) |
| | ) | |
| MOUSSA SY, | ) | |
| | ) | |
| Defendant. | ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Moussa Sy's Motion for Setting of Bond [Dkt. 106]. For the reasons that follow, the Court will deny Defendant's Motion.

### **I. Background**

On May 11, 2017, Defendant Moussa Sy was indicted on charges of Wire and Bank Fraud Conspiracy in violation of 18 U.S.C. § 1349, Access Device Fraud Conspiracy in violation of 18 U.S.C. § 1029(b)(2), Aiding and Abetting Production of a Counterfeit Access Device in violation of 18 U.S.C. § 1029(a)(1) and 2(a), and Aggravated Identity Theft in violation of 18 U.S.C. § 1028(A) and 2(a). Defendant, along with his co-conspirators, allegedly stole credit card payment information, known as "Track 2" data, and encoded it onto gift cards, which were then used to make fraudulent purchases in the Eastern District of Virginia and elsewhere.

On June 8, 2017, Defendant pled guilty to Counts 1 and 8 of the Superseding Indictment – Wire and Bank Fraud Conspiracy and Aggravated Identity Theft respectively. Defendant's sentencing is presently scheduled to take place on Thursday, September 14, 2017, at 10:00 a.m. The Court notes that Defendant has indicated that he may move to withdraw his guilty plea, but he has yet to do so.

Defendant is not a United States citizen and was, until recently, subject to an U.S. Immigration and Customs Enforcement (ICE) detainer. Accordingly, Defendant did not initially contest his detention pending trial, and Defendant has remained in custody throughout these proceedings. ICE has since revoked the detainer.

On August 14, 2017, Defendant filed the present Motion for the Setting of a Bond [Dkt. 106].

## II. Legal Standard

Pursuant to 18 U.S.C. § 3143(a), the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." After conviction, "[t]he presumption is in favor of detention, and it is the defendant's burden to prove by clear

2

and convincing evidence that he is not likely to flee or pose a danger to the community." *Gov't of Virgin Islands v. Clark*, 763 F. Supp. 1321, 1323 (D.V.I. 1991), *aff'd*, 989 F.2d 487 (3d Cir. 1993). In the context of the Bail Reform Act, "clear and convincing evidence" has been interpreted by courts to mean "something more than 'preponderance of the evidence,' and something less than 'beyond a reasonable doubt.'" *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). Among other things, Courts consider the factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release, *see United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996), which include: (1) the nature and the circumstances of the offense charged; (2) Defendant's history and characteristics; and (3) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.[1]

### III. Analysis

Defendant contends that he should be released pending appeal because he has significant family ties to the area, his sister has agreed to serve as his custodian, and the offense to which he pled guilty did not involve violence or drugs. He

---

[1] As the government notes, there does not appear to be controlling precedent regarding the Defendant's obligations under 18 U.S.C. § 3143(a). This is ultimately of little consequence; regardless of the precise standard that applies, it is clear that bond is not appropriate here. Indeed, the Court would find as much in this instance even if the burden of proof and persuasion fell on the government.

3

claims that these facts demonstrate he does not pose a flight risk or a danger to the community, and that any danger can be mitigated by imposing certain restrictive conditions of release.

The Court cannot agree. Defendant faces a substantial period of incarceration – one of the offenses to which Defendant pled guilty carries a mandatory two-year minimum sentence, *see* 18 U.S.C. § 1028A – and Defendant may additionally face deportation proceedings. There is a strong incentive for Defendant to flee. More importantly, Defendant has long exhibited a pattern of failing to appear for court. As Defendant himself acknowledges, Defendant "has numerous citations for failure to appear relative to his previous arrests." Mot. [Dkt. 106] at 3. Indeed, it appears that Defendant has failed to appear in court when ordered to do so literally dozens of times, and has been arrested for that reason on numerous occasions. In light of the above, Defendant has not shown that he is unlikely to flee.

Furthermore, while Defendant's offense was not a violent crime or one involving narcotics, the Court has already observed in denying bail to one of Defendant's coconspirators that it was a serious offense that resulted in significant losses to victims. Defendant has pled guilty to that crime, and has been charged with committing similar offenses in the past.

In light of the above, Defendant has failed to demonstrate that he poses no threat to the community if released on bond.

### IV. Conclusion

In light of the above, the Court with deny Defendant's Motion for Bond [Dkt. 106]. An appropriate order will issue.

|  | /s/ |
|---|---|
| August 17, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |